30 C.C.P.A.(Patents)

**KUCHAR v. ARMINGTON et al.**

**Patent Appeal No. 4668.**

Court of Customs and Patent Appeals.

Feb. 1, 1943.

Albert G. McCaleb, Robert H. Wendt, and John F. Eakins, all of Chicago, Ill. (James H. Littlehales, of Washington, D. C. of counsel), for appellant.

Hyde & Meyer, Elbert L. Hyde, and George S. Baldwin, all of Cleveland, Ohio, for appellees.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Appeals of the United States Patent Office reversing the decision of the Examiner of Interferences awarding priority of invention of the subject matter defined by the two counts in issue (Nos. 1 and 2) to appellant, Joseph Kuchar.

The interference is between appellant's application, No. 743,792, filed September 13, 1934, and appellees' patent, No. 2,055,-919, issued September 29, 1936, on an application filed March 7, 1935.

Appellees are the junior party and the burden was upon them to establish priority of invention by a preponderance of the evidence.

The claims constituting the counts in issue originated in appellees' patent and were copied by appellant for interference purposes.

The invention in issue relates to dump wagons having dumping doors, and particularly to the operating mechanism for closing the dumping doors, as defined by the counts of the interference of which count 1 is illustrative. It reads:

"1. In a wheeled vehicle having a dumping door, a cable for closing said door and a drum controlling said cable, means providing winding drive of said drum by travelling motion of said vehicle, operator-operable means for initiating said drive, means for automatically maintaining said drive upon its initiation, means responsive to tension in said cable for automatically terminating said drive when said door attains closed position, and means for releasably retaining said drum in a wound position."

As stated by appellees in their involved patent, the invention particularly "contemplates a wheeled vehicle having bottom dumping doors, *and closing of the doors by power taken from a wheel element of the vehicle when the latter is in motion"*; that is, the dumping doors of the wheeled vehicle are closed by means of cable actuated by winding gear and a drum, the drum being so located that it is driven "by a roller through frictional contact with" a wheel of the dumping vehicle. (Italics not quoted.)

The sole issue here presented is whether mechanism constructed in conformity with appellees' exhibit 4, which comprises blue prints of door closing mechanism, and successfully operated (in a manner hereinafter explained) on a dumping vehicle attached to a tractor sometime in February, 1934, conforms to the counts in issue. If it does, the decision of the Board of Appeals awarding priority of invention to appellees should be affirmed. If it does not, the decision of the board should be reversed and priority of invention awarded appellant.

The Examiner of Interferences held, and counsel for appellant here contend, that the limitation "means providing winding drive of said drum by travelling motion of said vehicle," contained in the counts in issue, does not, when considered with other provisions of the counts, read upon the dump wagon mechanism constructed in conformity with appellees' exhibit 4.

It is conceded here by counsel for appellees that the mechanism constructed in conformity with appellees' exhibit 4 and successfully operated on a dump wagon in February, 1934, is the mechanism disclosed in their exhibit 1 (a patent, No. 2,015,331, issued September 24, 1935, to George E. Armington, one of the appellees, and Stewart F. Armington), except that exhibit 4 included the improvement, as stated in the counts in issue, of "means responsive to tension in said cable for automatically terminating said drive when said door attains closed position." The improvement in the door closing mechanism of the dump wagon disclosed in patent No. 2,015,331 was made because of the fact that frequently some obstruction, such as a root or dirt, between the closing edges of the doors prevented the doors from reaching a closed position, in which event, unless the clutch of the winding mechanism was dis-

946

engaged, some part of the mechanism was likely to be broken.

In appellees' exhibit 1 (patent No. 2,015,331) a rotatably mounted drum is wound by the *alternate pulling effect of two cables extending forwardly to the tractor to which the dump wagon is attached.* If the doors of the dump wagon are open and the two vehicles move forward in a straight line and over level ground, the dumping doors will not close. However, if the tractor travels to the right or left in an angular position relative to the dump wagon, the pull on the cables which are attached to the dump wagon and which extend forwardly to the tractor causes the dumping doors, by means of the mechanism disclosed in that patent, to close, or if the relative angular motion between the tractor and the dump wagon is up and down, that is, if the two vehicles are moving over uneven ground, there will be a forward pull on both cables, resulting in the closing of the doors. Accordingly, as stated in exhibit 1 (patent No. 2,015,331), the *power to close the doors* of the dump wagon is obtained from the relative angular motion between the dump wagon and the tractor. In other words, the door closing mechanism of the dump wagon is ·actuated when the tractor moves to an angular position relative to the dump wagon, whereas, as hereinbefore noted, in appellees' patent involved in the interference, the door closing mechanism of the dump wagon is not actuated by the angular motion of the tractor relative to the dump wagon, but, on the contrary, is actuated by power derived from a *wheel of the dump wagon* when the latter is traveling.

With reference to the door closing mechanism disclosed in appellees' exhibit 1 (patent No. 2,015,331) and the improvement made thereon as shown in their exhibit 4, counsel for appellees state in their brief that:

"In this device of patent No. 2,015,331 [appellees' exhibit 1], if door closing movement was stopped before the doors reached fully closed position, as by dirt on the edges of the door opening or some other obstruction, objectionable breakage or wear occurred. *This led to a single change in these earlier dump wagons to bring them to the form of Armingtons' [appellees'] Exhibit 4. The drum winding mechanism, including the operating cables * * * extending forwardly to the tractor, was left unchanged. It operated precisely as it had before.* The only change was in the arrangement for and manner of operation of the drum drive terminating means." (Italics ours.)

That is to say, the improvement consisted broadly of "means," called for by the counts in issue, "responsive to tension in said cable for automatically terminating said drive when said door attains closed position."

It appears from the record that the mechanism disclosed in appellees' exhibit 4 was never disclosed in an application for a patent. Furthermore, George E. Armington, one of the appellees, testified that after the tests in February, 1934, of a dump wagon embodying the mechanism disclosed in that. exhibit, appellees "developed an entirely· different principle in winding" in which, as in their involved patent, the power for closing the doors was taken from a wheel of the dump wagon while the dump wagon was traveling.

It is true, as argued by counsel for appellees, that the counts of the involved interference are broadly drawn; that they must be given the broadest construction which they will reasonably permit; and that, as they are not ambiguous, they should not be construed in the light of the teachings of appellees' patent in which they originated. See Bryson v. Clarke, 25 C.C. P.A., Patents, 719, 92 F.2d 719, 720; Malm et al. v. Schneider, 26 C.C.P.A., Patents, 783, 101 F.2d 201. Furthermore, limitations not expressly defined in the counts may not be read into them. Writer v. Kiwad, 20 C.C.P.A., .Patents, 869, 63 F.2d 259. Conversely, expressly defined limitations· in counts may not be disregarded. Harris v. Henry, 29 C.C.P.A., Patents, 883, 63 F.2d 120; Bryson v. Clarke, supra. Many other decisions of this court support the hereinbefore stated propositions of law.

The clause "means providing winding drive of said drum by travelling motion of said vehicle," contained in each of the involved counts, is sufficiently broad to include any means which will provide winding drive of the drum by any traveling motion of the wheeled vehicle.

It will be observed that the counts in· issue are limited to a *"wheeled vehicle* having a dumping door, a cable for closing said door and a drum controlling said cable," and "means providing winding drive of said drum by *travelling motion of said vehicle."* (Italics ours.) Obviously, the last quoted clause relates to means broadly for providing winding drive of the drum,

which means derives its power from the *traveling motion of the wheeled vehicle* or *dump wagon* called for by the counts. Such means does not derive its power from any other source. It does not, for example, derive its power, wholly or in part, from the relative angular motion between the wheeled vehicle or dump wagon and another vehicle, such as a tractor, or when the tractor moves to an angular position with reference to the wheeled vehicle or dump wagon as does the door closing means disclosed in appellees' exhibit 4. Although the wheeled vehicle or dump wagon, called for by the counts in issue, may receive its traveling motion from a tractor or from some other source, the door closing means receives its power solely from the traveling motion of the dump wagon, regardless of the means employed to impart traveling motion to the dump wagon.

We are of opinion, therefore, as was the Examiner of Interferences, that the counts are not sufficiently broad to read on the dump wagon embodying the door closing mechanism disclosed in appellees' exhibit 4 which was operated in February, 1934, and that appellees are not entitled to an award of priority of invention.

For the reasons stated, the decision of the Board of Appeals is reversed, and priority of invention of the subject matter defined by the counts in issue is awarded to appellant.

Reversed.